IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORDELL HOWELL,              )
            Petitioner,      )
                             )
        v.                   )        Criminal No. 03-03
                             )
                             )
UNITED STATES OF AMERICA,    )
            Respondent.      )

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion for sentencing level reconsideration pursuant to 18

U.S.C. § 3582(c)(2) (Docket No. 61) filed by defendant Cordell Howell ("Howell" or

"defendant"). Upon reviewing defendant's motion, the government's response in opposition to

defendant's motion for reduction of sentence (Docket No. 63), and defendant's supplemental

response to the government's response (Docket No. 73), the court will DENY petitioner's motion

for the reasons set forth herein.

*Background*

On January 8, 2003, a federal grand jury returned a two-count indictment against

defendant. He was charged in count one with possession with intent to distribute and distribution

of less than 5 grams of crack cocaine on April 4, 2002, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(C), and charged in count two with possession with intent to distribute and distribution

of 5 grams or more of crack cocaine on April 10, 2002, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(B)( iii). (Docket No. 1.)

On May 30, 2003, defendant changed his previously entered plea from not guilty to guilty

as to count two of the indictment, pursuant to a plea agreement. (Docket Nos. 14-15.) The government agreed to dismiss count one as part of the agreement, but defendant accepted responsibility with respect to the conduct charged in count one and stipulated that the conduct charged in count one may be considered by the court at sentencing. Defendant further stipulated that the total amount of crack cocaine attributable to his conduct was 13.3 grams.

The court scheduled sentencing for August 22, 2003. (Docket No. 13.) Defendant failed to appear on that date, and a warrant for his arrest was issued by the court. Defendant was apprehended, and sentencing was rescheduled for March 2, 2004. (Docket No. 23.) On March 2, defendant was sentenced to a term of imprisonment of 235 months, five years supervised release, and no fine. (Docket No. 24.)

On March 3, 2004, defendant appealed. (Docket No. 25.) Before the appeal was decided, the government and defendant agreed to have defendant resentenced. On November 15, 2005, the court sentenced defendant to the same sentence he originally received. (Docket No. 45.) On November 18, 2005, defendant appealed the second sentence. (Docket No. 46.) On February 29, 2008, the Court of Appeals for the Third Circuit affirmed the sentence imposed by this court. (Docket No. 60.)

### *Standard of Review*

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines") that has been subsequently lowered,

then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2007). If the sentencing range is not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

*Discussion*

Defendant contends that, based upon amendment 706 to the Sentencing Guidelines, he qualifies for a two-level reduction in the calculation of his offense level under the guidelines, and should be resentenced. Defendant further argues that at resentencing, the Sentencing Guidelines should be treated as merely advisory and that a two-level enhancement under the guidelines for obstruction of justice should not be applied.

**I. Sentencing Guidelines Amendment**

On November 1, 2007, amendment 706 to the Sentencing Guidelines became effective. The amendment addressed the disparity in sentences between defendants who possess different forms of cocaine. Prior to the amendment, the Guidelines provided for a 100-to-1 ratio for

sentences involving crack cocaine in comparison to those involving cocaine powder. For instance, the Guidelines assigned defendants the same base offense level for a crime involving 150 kilograms or more of powder cocaine and for a crime involving only 1.5 kilograms or more of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2002). Amendment 706 was designed to alter the 100-to-1 ratio. After the amendment, 4.5 kilograms of crack cocaine is now treated as the equivalent of 150 kilograms of cocaine powder. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2007). The overall effect of the amendment is to reduce by two levels the base offense level of a defendant sentenced under section 2D1.1 for a crack cocaine offense. United States v. Rivera, 535 F. Supp.2d 527, 528-29 (E.D. Pa. 2008).

Amendment 706 applies retroactively, as it is one of the amendments listed in section 1B1.10(c). The retroactive effect of the amendment will be to reduce the base offense level of a defendant who has already been sentenced and imprisoned by two levels. According to section 1B1.10 of the Guidelines and 18 U.S.C. § 3582(c)(2), if the reduction in the base offense level changes the sentencing range that served as the basis for defendant's sentence, then the defendant's sentence may be modified.

At sentencing, this court attributed 13.3 grams of crack cocaine to defendant, and determined defendant had a base offense level of twenty-six under section 2D1.1(c)(7) of the guidelines. Defendant, however, had three prior convictions for either a crime of violence or a controlled substance offense, and for that reason was determined to be a career offender under section 4B1.1 of the Sentencing Guidelines. Defendant's offense level, therefore, was thirty-four. Defendant received a two-level increase under section 3C1.1 because he willfully obstructed or impeded his sentencing, and he received a three-level reduction for acceptance of

responsibility under section 3E1.1, resulting in an adjusted offense level of thirty-three.

Defendant's criminal history category was VI based upon his career offender status within the

meaning of section 4B1.1 of the guidelines.  The guideline sentencing range based upon an

adjusted offense level of thirty-three and a criminal history category of VI was determined to be

235 to 293 months imprisonment.  Defendant received a sentence of imprisonment of 235

months, which was within the guideline range.

> Section 1B1.10(b) provides that:

>> In determining whether, and to what extent, a reduction in the
>> defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2)
>> and this policy statement is warranted, the court shall determine the
>> amended guideline range that would have been applicable to the
>> defendant if the amendment(s) to the guidelines listed in subsection
>> (c) had been in effect at the time the defendant was sentenced. In
>> making such determination, the court shall substitute only the
>> amendments listed in subsection (c) for the corresponding
>> guideline provisions that were applied when the defendant was
>> sentenced and shall leave all other guideline application decisions
>> unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007).  The court cannot revisit any

sentencing determinations, other than those affected by the amendment.  Although amendment

706 would reduce defendant's applicable base offense level under section 2D1.1 of the

Sentencing Guidelines, the determination that defendant was a career offender is not affected,

and the base offense level applicable to career offenders under section 4B1.1 applied to

defendant instead of the level under section 2D1.1.  Even if amendment 706 was in effect at the

time of sentencing, defendant's adjusted offense level would have still been thirty-three and his

criminal history category would have been VI, resulting in the same guideline sentencing range

of 235 to 293 months imprisonment.

Defendant is not entitled to a reduction in sentence, because amendment 706 does not have the effect of changing the sentencing range upon which defendant's original sentence was based. Section 1B1.10(a)(1) provides that a term of imprisonment may be reduced when "the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007). Section 1B1.10(a)(2)(B), however, explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2007). Defendant's sentence was based upon the career offender provisions of section 4B1.1 of the Sentencing Guidelines, and not the crack cocaine provisions of section 2D1.1 of the guidelines; amendment 706 does not have the effect of lowering the applicable guideline range. See United States v. Nabried, No. 08-2480, 2009 WL 325761, at *2 (3d Cir. Feb. 11, 2009) (holding that when the foundation of a defendant's sentence is section 4B1.1 of the guidelines, rather than section 2D1.1, amendment 706 has no effect on the sentence). Accordingly, defendant's term of imprisonment cannot be reduced under 18 U.S.C. § 3582(c). See United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2008) (holding that a defendant who was convicted of a crack cocaine offense, but sentenced pursuant to section 4B1.1 of the guidelines was not entitled to a sentence reduction).

## II. Arguments for Resentencing

Defendant contends that, at resentencing, the court should treat the Sentencing Guidelines as advisory, rather than mandatory. He stresses that the guidelines are "merely advisory in

nature" after <u>United States v. Booker</u>, 543 U.S. 220 (2005), and cites the various factors to be considered at resentencing under 18 U.S.C. § 3553(a). He argues that the two-level sentencing enhancement under the guidelines for obstruction of justice should not be applied to his case, because the facts supporting the enhancement were not presented to a jury and not proved beyond a reasonable doubt.

As already explained, defendant cannot have his sentenced modified because the court lacks jurisdiction to resentence him.


<em>Conclusion</em>

AND NOW, this 22nd day of June, 2009, upon consideration of defendant's motion for sentencing level reconsideration pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 61), the government's response in opposition (Docket No. 63), and defendant's supplemental response to the government's response (Docket No. 73), IT IS HEREBY ORDERED that defendant's motion is DENIED.


By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc:     Counsel of Record

        Cordell Howell
        USM #07634-068
        United States Penitentiary
        P.O. Box 1000
        Lewisburg, PA 17837